[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10701
Non-Argument Calendar
_____

BIA Nos.
A96-098-359
A96-098-360

MARIBEL MEJIA MUNOZ,
MARIA C. GALVEZ MEJIA,
SARA GALVEZ MEJIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 15, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Maribel Mejia Munoz ("Mejia"), and her two minor daughters, petition for review of a Board of Immigration Appeal's ("BIA") decision finding that she was not eligible for asylum, withholding of removal, or Convention Against Torture ("CAT") relief. Prior to the BIA's decision, the Immigration Judge ("IJ") had found that Mejia was credible and had a well-founded fear of future persecution, and therefore granted her asylum.

When the BIA issues a decision with an opinion, we review that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA found the IJ's credibility determination to be clearly erroneous, and reversed the IJ's grant of asylum. Therefore, we review only the BIA's decision.

Mejia argues that the BIA "committed serious error by reversing the [IJ's favorable] credibility finding based on pure speculation." She further argues that the BIA abused its discretion in reversing the IJ's finding that she had a well-founded fear of future persecution. Mejia asserts that she was targeted by the National Liberation Army ("ELN") because of her active involvement in Liberal Party political campaigns. She claims that "[t]his case is not based solely on ordinary threatening phone calls and general harassment" because she and her

2

family were threatened with death.

We review a factual determination of the BIA under the substantial evidence test. *Al Najjar*, 257 F.3d at 1283. Under this test, the finding must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284. (internal quote omitted). The determination may be reversed only where the evidence would compel a reasonable finder of fact to come to a contrary determination. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005).

An alien may obtain asylum if she is a refugee. 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is unable or unwilling to return to her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion. 8 U.S.C.A. § 1101(A)(42)(A). Although the Immigration and Nationality Act does not define persecution, we have held that persecution is an extreme concept requiring more than a few isolated incidents of harassment or intimidation. *Sepulveda v. United States Atty. Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). The asylum applicant carries the burden of proving refugee status. *Al Najjar*, 257 F.3d at 1284. Mejia does not assert past persecution, only a well-founded fear of future persecution. A well-founded fear of persecution is one that is subjectively genuine and objectively reasonable. *Id.* at 1289.

To obtain withholding of removal, an alien must show that it is more likely than not that she will be persecuted or tortured upon being returned to her country. *Sepulveda*, 401 F.3d at 1232. This standard is more stringent than the well-founded fear standard for receiving asylum. *Al Najjar*, 257 F.3d at 1292–93. Thus, if an applicant is unable to meet the asylum standard, she is generally unable to qualify for withholding of removal. *Id*.

To receive CAT relief, an alien must show that it is more likely than not she would be tortured if removed. 8 C.F.R. § 208.16(c)(2). Torture is any act by which severe suffering is intentionally inflicted by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1). This standard is higher than the burden for showing eligibility for asylum. *Al Najjar*, 257 F.3d at 1303.

The BIA reviews findings of facts by the Immigration Judge, including those pertaining to the credibility of testimony, to determine whether the findings are "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i) (formerly 8 C.F.R. § 3.1(d)(3)(i)). It has been held that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. E. 746 (1948). "A factfinding may not be overturned simply because the Board would

4

have weighed the evidence differently or decided the facts differently had it been the factfinder." Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878, 54,889 (Aug. 26, 2002) (Supplementary Information) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573[, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518] (1985))." *In re R- S- H-, et al.*, 23 I.&N. Dec. 629, 637 (BIA 2003).

Here, as required by 8 C.F.R. § 1003.1(d)(3)(i), the BIA did not simply make an adverse credibility finding, but rather found that the IJ's favorable credibility determination was clearly erroneous. However, we need not determine whether the BIA properly reversed the IJ's credibility determination because, even if Mejia was credible, she was not eligible for asylum.

The IJ found that Mejia did not suffer past persecution but had a well-founded fear of future persecution, and granted her asylum on this basis. The BIA reversed this grant of asylum, thus finding by implication that the IJ's finding, that Mejia had an objectively well-founded fear of future persecution, was clearly erroneous. Therefore, we will affirm the BIA if a reasonable finder of fact, considering the record as a whole, could conclude that the IJ's finding that Mejia had a well-founded fear of persecution was clearly erroneous.

The actions taken against Mejia and her husband consisted of several phone calls and three in-person warnings. As the IJ determined, this conduct was merely

5

harassment or intimidation, not persecution.  *Sepulveda*, 401 F.3d at 1231.  Her claim is also undermined by the fact that she came to the United States after receiving some of these threats, but then returned to Colombia without requesting asylum.  *See Silva v. United States Atty. Gen.*, 448 F.3d 1229, 1238 (11th Cir. 2006).  Thus, because Mejia can show only past harassment, substantial evidence supports the BIA's determination that the IJ clearly erred in finding that Mejia's subjective fear of future persecution was objectively reasonable.  Therefore, the BIA properly determined that Mejia was not eligible for asylum.

As the standards for eligibility for withholding of removal and CAT relief are higher than that for asylum, the BIA's denials of these forms of relief were supported by substantial evidence for the same reasons as its denial of asylum.  *Al Najjar*, 257 F.3d at 1292-93, 1303.  For the above-stated reasons, we deny the petition.

**PETITION DENIED.**